LIONEL SAWYER & COLLINS
Samuel S. Lionel (SBN 1766)
Paul R. Hejmanowski (SBN 94)
Charles H. McCrea, Jr. (SBN 104)
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone:    (702) 383-8888
Facsimile:    (702) 383-8845

PAUL HASTINGS LLP
William F. Sullivan*
Thomas A. Zaccaro*
Howard M. Privette*
Thomas P. O'Brien*
John S. Durrant*
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone:    (213) 683-6000
Facsimile:    (213) 683-0705

Attorneys for Defendants ARUZE USA, INC. and
UNIVERSAL ENTERTAINMENT CORPORATION
*Pro hac vice application forthcoming

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| WYNN RESORTS, LIMITED, a Nevada Corporation, <br><br>                Plaintiff, <br><br> vs. <br><br> KAZUO OKADA, an individual; ARUZE USA, INC., a Nevada corporation; UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, <br><br>                Defendants. | CASE NO: <br><br><br> **NOTICE OF REMOVAL** |

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

NOTICE OF REMOVAL, Page 1 of 7

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants ARUZE USA, Inc. ("Aruze USA") and UNIVERSAL ENTERTAINMENT CORP. ("Universal") (collectively "Removing Defendants"), pursuant to 28 U.S.C. § 1446(a), hereby remove this action from Department XI of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark to the United States District Court for the District of Nevada. The removal of this case is based upon the following grounds:

### SUMMARY

1.    "A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *See ARCO Environmental Remediation, LLC v. Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

2.    All claims and causes in this matter should be removed to this Court under 28 U.S.C. § 1441(b) because the issues raised on the face of the Complaint involve a resolution of a substantial federal question that plays a significant role in the proceedings. *See id.*

3.    In particular, the Complaint filed by Wynn Resorts, Ltd ("Plaintiff") "makes clear, at a minimum, the right to relief depends on the resolution of a substantial, disputed federal question[s]" regarding the scope and interpretation of the Foreign Corrupt Practices Act of 1977 ("FCPA"), 15 U.S.C. §§ 78dd-1, *et seq. Herman v. Salomon Smith Barney, Inc.*, 266 F. Supp. 2d 1208, 1211 (S.D. Cal. 2003).

1

## PROCEDURAL HISTORY AND BACKGROUND

2

3       4.      On or about February 19, 2012, Plaintiff filed an action in the Eighth

4   Judicial District, Clark County District Court for the State of Nevada entitled *Wynn*

5   *Resorts, Limited v. Kazuo Okada, Aruze USA, Inc., and Universal Entertainment*

6   *Corporation*, Case Number A-12-656710-B.

7       5.      Defendants Aruze USA and Universal were served with a summons

8   and complaint on or about February 21, 2012. To date, Defendant Kazuo Okada ("Mr.

9   Okada") has not been served with the summons or complaint and no Defendant has yet

10  made an appearance in the state court action. A copy of all process and pleadings in the

11  state court action are attached hereto as Exhibit A.

12      6.      Plaintiff purports to bring claims against Mr. Okada for breach of

13  fiduciary duty, and against Aruze USA and Universal for aiding and abetting breach of

14  fiduciary duty. Plaintiff alleges that Mr. Okada breached his fiduciary duty by engaging

15  in unlawful activities with foreign government officials at Plaintiff's properties in

16  violation of the FCPA. Further, Plaintiff seeks declaratory relief against Mr. Okada,

17  Aruze USA, and Universal for an order that it acted lawfully in finding that Aruze USA

18  was not "suitable" as a Wynn Resorts stockholder. In essence, Plaintiff purports to

19  (improperly) seek a judicial declaration confirming its conclusion that Defendants are

20  "unsuitable" because they violated the FCPA.

21      7.      To allege its breach of fiduciary duty claims, Plaintiff purports to

22  rely on a report produced by Freeh Sporkin & Sullivan LLP ("Freeh Sporkin"). The

23  Freeh Sporkin report, Plaintiff contends, provides *prima facie* evidence that Aruze USA

24  and Mr. Okada violated the FCPA, 15 U.S.C. § 78dd – 2. Plaintiff attached the Freeh

25  Sporkin report to its Complaint and incorporates it by reference.

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

NOTICE OF REMOVAL, Page 3 of 7

1

**GROUNDS FOR REMOVAL**

2      8.      "Any civil action brought in a state court of which the district courts

3   of the United States have original jurisdiction, may be removed by the . . . defendants . . .

4   to the district court of the United States for the district and division embracing the place

5   where such action is pending." 28 U.S.C. § 1441(a).

6      9.      This Court has original jurisdiction over this action pursuant to 28

7   U.S.C. § 1331, as the Plaintiff's allegations will require the Court to determine important

8   substantive questions arising under federal law. *See* 28 U.S.C. § 1331.

9      10.     All three claims asserted by Plaintiff rely on the assertion that

10   Plaintiff's Board of Directors was presented with "evidence that Mr. Okada had made

11   unlawful payments to foreign gaming regulators who could advance Mr. Okada's

12   business interest."  (Complaint ("Compl." ¶ 1).)

13      11.     The Complaint is replete with allegations concluding that purported

14   federal FCPA violations placed him in violation of state law and/or justify the declaratory

15   relief Plaintiff seeks under state law.  (*See, e.g. id.* ¶ 58 ("Mr. Okada breaches his

16   fiduciary duties by engaging in unlawful activities. . . ."); *id.* ¶ 66 ("Aruze USA and

17   Universal "knowingly participated in Mr. Okada's breaches by facilitating the . . .

18   committing unlawful acts that undermine Wynn Resorts' good reputation as well as its

19   business and gaming licenses")).

20      12.     Removal is proper where the interpretation of the FCPA (*i.e.*, a

21   federal question) plays "a significant role in the proceedings." *Sparta Surgical Corp. v.*

22   *Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998) (removal of state-

23   law claims, including breach of express and implied contract, breach of the covenant of

24   good faith and fair dealing, gross negligence, intentional misrepresentation, negligent

25   misrepresentation, and interference with economic relations, proper where viability of the

26   state law claim hinged on determination of violation of federal question ); *Herman*, 266

27   F. Supp. 2d at 1211 (removal of state law claim proper where duties allegedly breached

28   was established by federal securities laws); *T&E Pastornio Nursery v. Duke Energy*

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

NOTICE OF REMOVAL, Page 4 of 7

1    *Trading and Market, LLC*, 268 F. Supp. 2d 1240, 1247 (S.D. Cal. 2003) (removal of state

2    law claim proper where claims were premised in part on a violation of federal law).

3          13.     Plaintiff's breach of fiduciary duty claim and aiding and abetting

4    breach of fiduciary duty claim rely on alleged FCPA violations as an *ipso facto* basis for

5    the conclusion that Mr. Okada breached his fiduciary duties owed to Plaintiff.

6          14.     Plaintiff's declaratory relief claim seeking an order that Plaintiff

7    acted lawfully and in full compliance with its Articles of Incorporation to redeem Aruze

8    USA's shares is wholly predicated upon the findings in the Freeh Sporkin report.

9    (Compl. ¶ 76 ("following Freeh's presentation, the Board of Directors deliberated" and

10    voted to redeem Aruze USA's Wynn Resorts stock).

11          15.     Because Plaintiff's claims are predicated upon findings of violations

12    of federal law, and thus arise under federal law, this action is properly removed pursuant

13    to 28 U.S.C. § 1331.

14

15                    **UNIFORM INTERPRETATION OF THE FCPA**

16          16.     There is an important federal interest in the uniform interpretation of

17    the FCPA. The U.S. Department of Justice ("DOJ") has exclusive jurisdiction to

18    prosecute criminal violations of the FCPA. *See* 15 U.S.C. §§ 78dd-2(d)(l). Both the DOJ

19    and the U.S. Securities and Exchange Commission have authority to seek injunctive relief

20    to prevent bribery and recordkeeping violations of the FCPA. *Id.* at 78u(d)(l).

21          17.     Courts recognize that the statutory language of the FCPA is

22    imprecise. *See United States v. Kay*, 359 F.3d 738, 743-44 (5th Cir. 2004) ("We agree

23    with the courts findings of ambiguity for several reasons. Perhaps our most significant

24    statutory construction problem results from the failure of the language of the FCPA to

25    give a clear indication of the exact scope of the business nexus element; that is, the

26    proximity of the required nexus between, on the one hand, the anticipated results of the

27    foreign official's bargained-for action or inaction, and, on the other hand, the assistance

28    provided by or expected from those results in helping the briber to obtain or retain

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

NOTICE OF REMOVAL, Page 5 of 7

1  business."); Mike Koehler, *The Façade of FCPA Enforcement*, 41 Geo. J. Int'l L. 907,

2  998 (2010) (recognizing that a significant difficulty in complying with the FCPA is that

3  "several of [its] key elements are vague and ambiguous."); James Doty, *Toward a Reg.*

4  *FCPA: A Modest Proposal for Change in Administering the Foreign Corrupt Practices*

5  *Act*, 62 Bus. Law 1233, 1239 (2007) ("Vagueness and ambiguity are the DNA of the

6  FCPA . . . .").

7       18.    Given the exclusive federal jurisdiction over criminal and injunctive

8  relief for FCPA violations, and the potential for conflicting interpretations of the

9  ambiguous statutory language, this Court should retain subject matter jurisdiction to

10  ensure that the federal law relating to the FCPA is interpreted in a uniform manner.

11

12                          **JURISDICTION**

13       19.    This Court has removal jurisdiction over this case pursuant to 28

14  U.S.C. §§ 1331 and 1441.

15

16                  **OTHER PROCEDURAL REQUIREMENTS**

17       20.    Fewer than thirty (30) days have elapsed since service was

18  effectuated upon Aruze USA and Univeral, and this Notice of Removal is timely. *See* 28

19  U.S.C. § 1446(b).

20       21.    Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of

21  all process, pleadings, and orders served upon Removing Defendants in the state court

22  action.

23       22.    Removing Defendants and Mr. Okada all consent to the filing of this

24  Notice of Removal.

25       23.    Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will serve a

26  copy of this Notice of Removal on counsel for Plaintiff and will file a Notice of Filing of

27  Removal with the Eighth Judicial District, District Court, Clark County, Nevada.

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

NOTICE OF REMOVAL, Page 6 of 7

1    24.   By filing this Notice of Removal, Removing Defendants do not

2  waive any defenses, including without limitation, lack of personal jurisdiction, improper

3  venue or forum, all defenses specified in Federal Rule of Civil Procedure 12, or any other

4  defense.

5    WHEREFORE, Removing Defendants remove the above-entitled action

6  from Department XI of the Eighth Judicial District Court of the State of Nevada in and

7  for

8

9  the County of Clark to the United States District Court for District of Nevada for the

10  reasons stated above, and/or for any other reasons the Court deems necessary and proper.

11  DATED: March 12, 2012.

12
                              Respectfully submitted,
13
                              LIONEL SAWYER & COLLINS
14

15                            By:    /s/Samuel S. Lionel
                                     Samuel S. Lionel (SBN 1766)
16                                   Paul R. Hejmanowski (SBN 94)
                                     Charles H. McCrea, Jr. (SBN 104)
17                            1700 Bank of America Plaza
                              300 South Fourth Street
18                            Las Vegas, Nevada 89101

19

20                            PAUL HASTINGS LLP
                              William F. Sullivan*
21                            Thomas A. Zaccaro*
                              Howard M. Privette*
22                            Thomas P. O'Brien*
                              John S. Durrant*
23                            515 South Flower Street, 25th Floor
                              Los Angeles, CA 90071
24

25                            *Attorneys for Defendants ARUZE USA, INC.
                              and UNIVERSAL ENTERTAINMENT
26                            CORPORATION*
                              * Pro hac vice application forthcoming
27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

NOTICE OF REMOVAL, Page 7 of 7