UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WYNN RESORTS, LIMITED,        )<br>                                                     )<br>           Plaintiff,                        )<br>                                                     )<br>v.                                                  )<br>                                                     )<br>KAZUO OKADA; et al.,                 )<br>                                                     )<br>           Defendants.                   )<br>_____)  | 2:12-CV-0400-LRH-PAL<br><br><br>ORDER |

Before the court is plaintiff Wynn Resorts, Limited's ("Wynn") request for attorney's fees. Doc. #107.[1] Also before the court is defendant Azure USA, Inc.'s ("Azure") notice of intent to not sever counterclaims. Doc. #106.

**I.      Facts and Background**

Plaintiff Wynn is a Nevada corporation in the business of owning and operating casino resorts. On February 19, 2012, Wynn filed the underlying complaint in state court alleging three causes of action: (1) breach of fiduciary duty; (2) aiding and abetting a breach of fiduciary duty; and (3) declaratory judgment. Doc. #1, Exhibit A.

On March 12, 2012, defendants Aruze and Universal Entertainment Corp. ("Universal") removed the underlying complaint to federal court on the basis of federal question jurisdiction.

---
[1] Refers to the court's docket number.

Doc. #1. Removing defendants contended that Wynn's complaint involved a resolution of a substantial federal question, namely the scope and interpretation of the Foreign Corrupt Practices Act of 1977 ("FCPA"), 15 U.S.C. §§ 78dd-1, *et seq*. *Id*.

In response, Wynn filed a motion to remand (Doc. #43) which, after a hearing on the motion, was granted by the court (Doc. #102). Along with remanding the action, the court granted plaintiff Wynn leave to seek attorney's fees related to the motion to remand. *See* Doc. #100. Thereafter, Wynn filed the present request for attorney's fees in the amount of $148,583.00. Doc. #107.

## II. Discussion

### A. Awarding Attorney's Fees

An order remanding a case to state court may include an award of attorney's fees. 28 U.S.C. § 1447(c). A district court has wide discretion to grant attorney's fees. *Moore v. Permanent Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992). Generally, fees may be awarded when removal, "while fairly supportable, was wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 1999).

In its request, Wynn contends that an award of attorney's fees on remand is appropriate because defendants did not have a reasonable basis to remove the state law complaint to federal court. In opposition, defendants contend that attorney's fees should not be awarded because they had an objectively reasonable basis for removal, namely that the underlying conduct for the complaint is that defendant Kazuo Okada ("Okada") engaged in unlawful activities with foreign government officials at Wynn properties in violation of the FCPA.

On June 21, 2012, the court heard argument on Wynn's motion to remand. *See* Doc. ##100, 102. At the hearing, the court found that Wynn's complaint only alleged state law claims that were "not dependent upon whether or not, in fact, the Federal Corrupt Practices Act was violated," and that Wynn's claims, "in fact, do not implicate a significant federal issue." Doc. #100, p.33:21-34:3.

1  Further, the court found that "a federal question [was] not clear in any respect." Doc. #100,
2  p.40:11-12. Thus, based on the findings of the court at the hearing and the moving documents in
3  this matter, the court finds that removing defendants did not have an objectively reasonable basis to
4  remove this action to federal court. Therefore, the court finds that an award of attorney's fees on
5  remand is appropriate.

**B. Amount of Attorney's Fees**

7   In determining the reasonableness of a request for attorney's fees, a court considers several
8  factors including: (1) the reputation and skill of counsel; (2) the financial terms of the client fee
9  arrangement; (3) the nature and extent of work performed and results obtained; and (4) awards in
10 similar cases. *See, e.g.,* LR 54-16(b)(3); *Resurrection Bay Conservation Alliance v. City of Seward*
11 *Alaska*, 640 F. 3d 1087, 1095 (9th Cir. 2011).

12  Here, Wynn requests $148,583.00 in attorney's fees for work performed relating to the
13 motion to remand. *See* Doc. #107. In support of its motion, Wynn has complied with the applicable
14 provisions of Local Rule 54-16 by providing an itemization and description of the work performed
15 as well as a summary of the fees charged and the time and labor required.[2] The court has reviewed
16 the documents and pleadings on file in this matter and finds that Wynn's request for $148.583.00 is
17 reasonable based on the questions presented, the number of documents required for review, the
18 length of the motions, the number of hours worked, and the quality of counsel. Therefore, the court
19 shall grant Wynn's motion for attorney's fees.
20 ///

---

[2] Attached as Exhibit A is the declaration of Wynn's counsel James J. Pisanelli, Esq. ("Pisanelli"), a partner at the firm Pisanelli Bice PLLC ("Pisanelli Bice") who worked on the motion to remand. *See* Doc. #107, Exhibit A, Pisanelli Decl. In his declaration, Pisanelli provides an itemized summary of all work performed by Pisanelli Bice on the motion to remand. *Id*.

Attached as Exhibit B is the declaration of Wynn's counsel Paul K. Rowe, Esq. ("Rowe"), an attorney at Wachtell, Lipton, Rosen & Katz ("WLRK") who also worked on the motion to remand and associated documents. *See* Doc. #107, Exhibit B, Rowe Decl. In his declaration, Rowe provides an itemized summary of all work performed by WLRK on the motion to remand. *Id*.

3

### C. Notice of Non-Severance

At the end of the court's June 21, 2012 hearing, defendants requested an opportunity to brief the issue of severing their counterclaims to allow this court to retain federal jurisdiction over part of this action. *See* Doc. #102. However, defendants have since filed a notice to the court declining to sever its counterclaims, and instead expressing their intent file a separate federal securities action. *See* Doc. #106. Therefore, the court finds that there is now no remaining issues before the court concerning remand. Accordingly, this action shall now be remanded to state court in its entirety.

IT IS THEREFORE ORDERED that plaintiff's request for attorney's fees (Doc. #107) is GRANTED. The clerk of court shall enter an award of attorney's fees in favor of plaintiff and against defendant in the amount of $148,583.00.

IT IS FURTHER ORDERED that this action, 2:12-cv-0400, is REMANDED in its entirety.

IT IS SO ORDERED.

DATED this 21st day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE